IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-83036 |
| | ) | CHAPTER 13 |
| | ) | |
| JAMES A. HOLTZEN and | ) | |
| LINDA J. HOLTZEN, | ) | STIPULATION IN SETTLEMENT OF MOTION |
| | ) | FOR RELIEF FROM AUTOMATIC STAY |
| Debtors. | ) | |

COME NOW the debtors, James A. Holtzen and Linda J. Holtzen, and the secured creditor, Wells Fargo Bank, N.A. ("Wells Fargo"), and hereby agree and stipulate as follows:

1. Wells Fargo is a secured creditor holding a deed of trust on the debtors' residential real estate commonly known as 7728 Nebraska Ave., Omaha, Nebraska.

2. The debtors claim some interest in the subject real estate but acknowledge that there has been a default in their obligation to Wells Fargo which is secured by the real estate. The debtors failed to pay to Wells Fargo the post-petition payments for October, 2005 and thereafter and are indebted to Wells Fargo as follows:

| | |
|---|---|
| Monthly installments for October, 2005 through December, 2005 @ $762.18 each | $2,286.54 |
| Late charges for October, 2005 through November, 2005, at $30.49 each | 60.98 |
| Attorney fees and costs | 700.00 |
| Total | $3,047.52. |

3. The debtors will bring themselves current in their post-petition payments by paying to Wells Fargo Home Mortgage, Attn: Bankruptcy Department, One Home Campus, MAC X2501-01F, Des Moines, IA 50328-0001, the sum of $3,047.52, in accordance with the following schedule:

| | |
|---|---|
| January 20, 2006 | $ 338.61 |
| February 20, 2006 | $ 338.61 |
| March 20, 2006 | $ 338.61 |
| April 20, 2006 | $ 338.61 |
| May 20, 2006 | $ 338.61 |
| June 20, 2006 | $ 338.61 |
| July 20, 2006 | $ 338.62 |
| August 20, 2006 | $ 338.62 |
| September 20, 2006 | $ 338.62 |
| Total | $3,047.52. |

4. The debtors will commence making their regular payments to Wells Fargo on January 1, 2006 and will make such payments monthly thereafter on a timely basis.

5. In the event that the debtors fail to make the payments referred to in paragraphs 3 and 4, time being of the essence, after fifteen (15) days written notice of such default to debtors and their attorney, Wells Fargo is entitled to relief from the automatic stay of 11 U.S.C. § 362 without further notice to the debtors upon the filing of an affidavit establishing the debtors' default. In the event that the debtors default more than two times under the Stipulation, Wells Fargo is entitled to relief from the automatic stay of 11 U.S.C. § 362 without further notice to the debtors upon the filing of an affidavit establishing the debtors' default. In the event that a default does occur, Wells Fargo shall be entitled to collect all attorney fees and costs incurred in connection with such default. In the event that the debtors convert this case to a proceeding under Chapter 7, Title 11 U.S.C., and are in default at the time of such conversion, Wells Fargo shall be entitled to relief from the automatic stay of 11 U.S.C. § 362 upon the filing of an affidavit.

Dated this 21st day of December, 2005.

JAMES A. HOLTZEN and
LINDA J. HOLTZEN, Debtors

*s/James A. Holtzen*
James A. Holtzen

*s/Linda J. Holtzen*
Linda J. Holtzen

By: *s/Douglas R. Lederer*
Douglas R. Lederer, #23071
2580 S. 90th St.
Omaha, NE  68124
Telephone (402) 933-8600

WELLS FARGO BANK, N.A., Secured Creditor

By: *s/Eric H. Lindquist*
Eric H. Lindquist, #18112
Eric H. Lindquist, P.C., L.L.O.
8712 West Dodge Road, Ste. 260
Omaha, NE  68114
Telephone:  (402) 829-0400
Facsimile:  (402) 829-0409